```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re VIVENDI UNIVERSAL, S.A. SECURITIES LITIGATION | |
|---|---|
| **This Document Relates To:** | |
| 07 Civ. 5742 | 07 Civ. 7370 |
| 07 Civ. 7775 | 07 Civ. 7776 |
| 07 Civ. 7863 | 07 Civ. 7779 |
| 07 Civ. 8208 | 07 Civ. 7803 |
| 07 Civ. 8208 | 07 Civ. 8156 |
| 07 Civ. 9229 | 07 Civ. 8830 |
| 07 Civ. 9593 | 07 Civ. 10578 |
| 07 Civ. 10954 | 07 Civ. 10995 |
| 07 Civ. 11092 | 07 Civ. 11297 |
| 07 Civ. 11305 | 07 Civ. 11483 |
| 07 Civ. 11484 | 07 Civ. 11485 |
| 07 Civ. 11628 | 08 Civ. 0024 |
| 08 Civ. 0116 | 08 Civ. 0117 |
| 08 Civ. 0418 | 08 Civ. 0908 |
| 08 Civ. 0950 | 08 Civ. 1111 |
| 08 Civ. 1938 | 08 Civ. 01973 |
| 08 Civ. 01974 | 08 Civ. 01983 |
| 08 Civ. 01975 | 08 Civ. 01985 |

Civil Action No.
02 Civ. 5571 (RJH) (HBP)

STIPULATION

WHEREAS on March 18, 2008, Individual Plaintiffs served on defendants Vivendi Universal, S.A. ("Vivendi, S.A.") and Jean-Marie Messier ("Messier") a First Request for the Production of Documents ("Document Requests"), Interrogatories, and Notice of Depositions Pursuant to Federal Rule of Civil Procedure 30(b)(1) ("30(b)(1) Deposition Notice") and served on Vivendi S.A. a Notice of Deposition of Vivendi, S.A. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("30(b)(6) Deposition Notice") (collectively, the "Discovery Requests");

WHEREAS Vivendi, S.A., Messier and Individual Plaintiffs have agreed that, as detailed herein, Individual Plaintiffs will withdraw certain Discovery Requests in exchange for Vivendi, S.A. and Messier doing certain things;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that:

1) Vivendi, S.A. and Messier will each conduct an electronic search in their respective document productions to Class Plaintiffs in the above referenced action for references to the names of Individual Plaintiffs and identify any such documents, by Bates number, to Individual Plaintiffs no later than April 9, 2008.

2) Vivendi, S.A. and Messier will not seek to offer at trial any communications with any Individual Plaintiffs or any statements or other information made by or attributed to any Individual Plaintiffs concerning or related to any claim or defense in these actions not identified by Vivendi S.A. and Messier by April 9, 2008 or contained in documents or testimony Individual Plaintiffs provided in response to discovery requests served in these actions.

3) Individual Plaintiffs agree to withdraw Document Requests Nos. 1-8 and Interrogatories Nos. 1 and 18 of the Discovery Requests.

4) Individual Plaintiffs agree to withdraw topics nos. 3 and 4 on Schedule A to the 30(b)(6) Deposition Notice, and topics nos. 1 and 3 on Schedule B to the 30(b)(1) Deposition Notice, provided, however, that to the extent the documents identified by Vivendi, S.A. and Messier pursuant to Paragraph 1 above or any documents or testimony that individual plaintiffs provided in response to discovery in these actions reflect any communications with an Individual Plaintiff or statements or other information made by

-2-

or attributed to an Individual Plaintiff concerning or related to any claim or defense in these actions, Individual Plaintiffs may question Vivendi S.A.'s 30(b)(6) deponent about those specific documents and, if such documents involve an individual subject to Individual Plaintiffs' 30(b)(1) Deposition Notice, such individual may also be questioned about the specific communication reflected in the document in which s/he was a participant.

5) If Vivendi, S.A. or Messier refuse to allow a deposition with respect to any document identified pursuant to this stipulation, or refuse to allow a deposition with respect to any communication with an Individual Plaintiff or any statement made by or information attributed to an Individual Plaintiff, or contained in the Individual Plaintiffs' document productions or testimony, then Vivendi, S.A. may not introduce that document or testimony at trial as evidence of a communication with an Individual Plaintiff or any statement made by or information attributed to an Individual Plaintiff.

6) Vivendi S.A. and Messier have a continuing duty under Federal Rule of Civil Procedure 26(e) to supplement the information they provide pursuant to this stipulation.

7) By entering this Stipulation, Individual Plaintiffs do not waive their right to seek relief from the January 7, 2008 Scheduling Order to notice additional 30(b)(1) depositions not previously noticed by Individual Plaintiffs, to the extent the documents identified by Vivendi, S.A. and Messier pursuant to Paragraph 1 above reflect any communications with an Individual Plaintiff or statements or other information made by or attributed to an Individual Plaintiff concerning or related to any claim or defense in

these actions, and Vivendi S.A. and Messier do not waive their rights to oppose such relief.

Dated: April 8, 2008

                        CRAVATH, SWAINE & MOORE LLP

                        by _____
                                  Michael A. Paskin

                            825 Eighth Avenue
                            New York, NY 10019-7475
                            (212) 474-1000

                            *On behalf of Vivendi, S.A.*

                        KING & SPALDING LLP

                        by _____
                                  Michael J. Malone

                        1185 Avenue of the Americas
                        New York, NY 10036-4003
                        (212) 556-2100

                        *On behalf of Jean-Marie Messier*

                        SHIFFRIN BARROWAY TOPAZ &
                        KESSLER, LLP

                        by _____
                                  John A. Kehoe

                        280 King of Prussia Road
                        Radnor, PA 19087
                        (610) 667-7706

                        *On behalf of all Individual Plaintiffs*

SO ORDERED:

_____
U.S.D.J.

4-15-08